**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 9 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

DECELINA BISHOP, individually
and as personal representative of the
Estate of Kenneth Bishop, deceased,

        Plaintiff-Appellant,

v.

DAN CORSENTINO, Sheriff,
individually and in his official
capacity as the Sheriff of Pueblo
County; CHRIS FLORES,
individually and in his official
capacity as a member of the Pueblo
County Sheriff's Office; PAUL
ARELLANO, individually and in his
official capacity as a member of the
Pueblo County Sheriff's Office;
DUANE NAVA, individually and in
his official capacity as a member of
the Pueblo County Sheriff's Office;
DAN VIGIL, individually and in his
official capacity as a member of the
Pueblo County Sheriff's Office;
ANITA ARCHULETA, individually
and in her official capacity as a
member of the Pueblo County
Sheriff's Office; ED MORENO,
individually and in his official
capacity as a member of the Pueblo
County Sheriff's Office; RICHARD
PETERS, individually and in his

No. 02-1485

official capacity as a member of the
Pueblo County Sheriff's Office,

Defendants-Appellees.

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
(D.C. No. 00-N-2497 (PAC))**

---

Submitted on the briefs:

Matthew Martin, Pueblo, Colorado, for Plaintiff-Appellant.

Gordon L. Vaughan and Sara Ludke Cook, Vaughan & DeMuro, Colorado Springs, Colorado, for Defendants-Appellees.

---

Before **EBEL, ANDERSON** , and **BRISCOE** , Circuit Judges.

---

**ANDERSON** , Circuit Judge.

---

Plaintiff appeals the district court's orders denying her Fed. R. App. P. 4(a)(5) motions to extend the thirty-day time in which to file a notice of appeal and also her motion to proceed in forma pauperis. We affirm. [1]

---

[1] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

Plaintiff's son, Ken Bishop, died after being placed in a restraint chair at the Pueblo County Jail. Plaintiff filed this civil rights suit alleging that defendants (the Pueblo County Sheriff's Department and department employees) had used excessive force against Mr. Bishop, ignored his serious medical needs, and subjected him to summary punishment. In a lengthy order and memorandum of decision, the district court granted summary judgment in favor of defendants, determining that plaintiff had not set out an underlying constitutional violation.

Twenty-eight days after the district court entered judgment, plaintiff's attorney filed a motion for an extension of time to file a notice of appeal. Pursuant to Fed. R. App. P. 4(a)(5), the district court may extend the thirty-day appeal time if a party moves for an extension and shows excusable neglect or good cause. The motion stated that neither the attorney nor his client had "decided yet whether to pursue an appeal. The matter is being reviewed by outside counsel for an opinion about the best course of action. Counsel requests additional time to choose whether to pursue an appeal as he has not received an opinion yet from outside counsel." Attach. to Aplts. Br., Ex. B at 1.

After the time for appeal had elapsed, plaintiff filed a second motion for extension of time to file notice of appeal and also a motion to proceed in forma pauperis (ifp). The second extension motion stated that plaintiff needed

a ruling on her ifp motion before filing her notice of appeal. The district court denied the extension motions in a minute order, and also denied the ifp motion, stating that plaintiff's appeal was not taken in good faith.

**Discussion**

A district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment, *Diamond v. United States District Court*, 661 F.2d 1198, 1198 (9th Cir. 1981), which this court reviews "only for abuse of discretion," *City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1045 (10th Cir. 1994). Under the abuse-of-discretion standard, the district court's decision will not be disturbed unless the reviewing court has "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (citation and quotation omitted).

The time parameters for filing notices of appeal are usually "mandatory and jurisdictional." *Browder v. Dir., Dep't of Corr*., 434 U.S. 257, 264 (1978). In a civil case, the notice of appeal generally "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Fed. R. App. P. 4(a); *see also* 28 U.S.C. § 2107 (requiring a notice of appeal of a civil judgment to be filed within thirty days of judgment). The district court,

-4-

however, may extend the time upon a showing of "excusable neglect or good cause," if a party moves for an extension no later than thirty days after the appeal time has expired. Fed. R. App. P. 4(a)(5)(A). [2]

The factors relevant to an excusable-neglect decision include "the danger of prejudice to [the nonmoving party], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *City of Chanute*, 31 F.3d at 1046 (quotation omitted). The time for taking an appeal should not be extended in the "absence of circumstances that are unique and extraordinary." *Gooch v. Skelly Oil Co*., 493 F.2d 366, 370 (10th Cir. 1974) (quotation omitted).

The concept of good cause "take[s] account of a narrow class of cases in which a traditional 'excusable neglect' analysis would be inapposite." *Mirpuri v. ACT Mfg., Inc.*, 212 F.3d 624, 630 (1st Cir. 2000). Good cause comes into play

---

[2] Plaintiff states in her brief that the good cause standard may be applied during the thirty-day appeal time, but that only "a more stringent 'excusable neglect' standard applies during the second thirty days." Aplt. Br. at 22 (quotation omitted). This is an outdated statement of the law. Under the current rule, a motion to extend the time to file a notice of appeal may be granted "*regardless* of whether [it] is filed before or during the 30 days" after expiration of the normal appeal time if the moving party "shows excusable neglect *or good cause*." Fed. R. App. P. 4(a)(5)(A)(ii) (emphasis added). In other words, the text "does not distinguish between motions filed prior to the expiration of the original deadline and those filed after the expiration of the original deadline." Fed. R. App. P. 4(a)(5) advisory committee note (2002 Amendments).

"in situations in which there is no fault–excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Fed. R. App. P. 4(a)(5) advisory committee's note (2002 Amendments).

Plaintiff's first motion for an extension of time demonstrates neither excusable neglect nor good cause. Counsel's need to review the record, consult with the client, and, where counsel deems it desirable to obtain an additional legal perspective, are typical prefatory steps common to the appeal process. These actions, which are within control of counsel, are expected to be completed within the thirty-day period prescribed by Fed. R. App. P. 4(a)(1). It is laudable for an attorney to seek the advice of outside counsel in evaluating the merits of an appeal, but it is in no way extraordinary. Furthermore, in the absence of a ruling by the court, nothing prevented counsel from filing a timely notice of appeal and later dismissing the appeal if counsel concluded it should not be pursued. Based on the record before us, we cannot conclude that the district court made a clear error of judgment in denying plaintiff's motion. [3]

---

[3] The abuse of discretion standard contemplates that a district court is in a better position to evaluate the circumstances of the parties. Thus, we may have also found a proper exercise of discretion upon the district court's grant of the motion.

The second motion for an extension of time submitted to the district court was filed after the appeal deadline, and it has even less legal force. This motion asked the district court to extend the appeal time because she could not afford the filing fee and needed an ifp ruling before submitting her notice of appeal.

Federal Rule of Appellate Procedure 24(a) sets forth the appropriate procedure for proceeding ifp on appeal. An appellant seeking ifp status must first file a motion in district court and if that motion is denied, may file in the court of appeals within thirty days after the district court provides notification of the denial. *Id.* Thus, plaintiff could have filed a timely notice of appeal without an accompanying filing fee, and, upon the district court's rejection of her request, asked this court for ifp status. On appeal, plaintiff provides no argument to support her claim that her desire to wait for an ifp ruling constituted good cause for an extension of time to file a notice of appeal. The district court did not abuse its discretion in denying plaintiff's second motion for an extension of time.

Plaintiff also contends that the district court erred in denying her motion to proceed ifp on appeal. In the absence of a timely appeal, the issue is moot and we decline to reach it. The judgment of the district court is AFFIRMED.