Ikoma GEORGE, Plaintiff,

v.

The CITY OF WICHITA, KANSAS, a
municipal corporation; and Detec-
tive James J. Bratt, Defendants.

No. 02–1344–WEB.

United States District Court,
D. Kansas.

Jan. 20, 2005.

Jon S. Womack, Wichita, KS, for Plain-
tiff.

Michael L. North, City of Wichita Law
Department, Wichita, KS, for Defendants.

### Memorandum and Order

WESLEY E. BROWN, Senior District
Judge.

A judgment dismissing this action was
entered on December 1, 2004. Doc. 48. On
January 14, 2005, plaintiff filed a motion
for leave to file a notice of appeal out-of-
time. Doc. 51. The defendants have filed
a response opposing the motion for addi-
tional time.

With certain exceptions, the notice of
appeal in a civil case must be filed within
30 days after the judgment is entered.
Fed.R.App.P. 4(a). One exception is found
in Fed.R.App.P. 4(a)(5), which provides
that the district court may extend the time
if a party so moves no later than 30 days
after the initial 30–day period expired and
the party shows excusable neglect or good
cause. Plaintiff's motion to extend the
time in this case alleges that excusable
neglect exists.[1] In support of the allega-

---

1. To the extent plaintiff's motion is premised
upon Fed.R.App.P. 4(a)(6), the court finds
plaintiff has not satisfied the prerequisites of
that subsection, as plaintiff's counsel appar-
ently received notice of the court's order with-

in 21 days after entry. *See Benevento v. Unit-
ed States,* 2000 WL 890381 (S.D.N.Y.2000)
(Receipt of notice of entry of judgment by a
party's counsel constitutes notice to the party

tion, plaintiff has included a rather bare-bones statement claiming that counsel for plaintiff did not immediately receive the court's Memorandum and Order after it was issued, that counsel inadvertently sent a copy of the order to plaintiff's former address and that plaintiff did not receive it for at least several weeks after it was issued, and that plaintiff was unable to make an appointment with counsel to discuss an appeal until after the original 30–day period expired.

■ In *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the Supreme Court held that a bankruptcy attorney's inadvertent failure to file a proof of claim within the bar date could constitute excusable neglect. The Court rejected a line of cases stating that excusable neglect could only arise where the failure was due to forces beyond the control of the movant, noting that the term "neglect" encompasses both faultless omissions and omissions caused by carelessness. Thus, Congress intended that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control. As to what constitutes "excusable" neglect, the Court said that although inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute "excusable" neglect, the term is an elastic concept. *Id.* at 392, 113 S.Ct. 1489. The determination of whether a failure to meet a deadline is "excusable" is at bottom an equitable one, taking into account all of the circumstances, including: (1) the danger of prejudice to the other party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Id.* at 395, 113 S.Ct. 1489. *See also City of Chanute v. Williams Nat. Gas Co.*, 31 F.3d 1041, 1046 (10th Cir.1994) (*Pioneer* standard applies to Rule 4(a)(5)).

■ Under the *Pioneer* test, the court will grant the motion to extend the time for filing an appeal. There is nothing to suggest the defendants would suffer any prejudice as a result of an extension. The delay from the extension is minimal and will have no impact on the proceedings. Plaintiff's factual statement as to the reason for the delay is somewhat lacking in specifics, but it includes allegations that a number of factors, including an inadvertent mis-mailing of the order, contributed to the failure. *Cf. Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir.2004) (no excusable neglect where plaintiff had simply not decided whether to appeal). Finally, there is no evidence that the request is not made in good faith.

*Conclusion.*

Plaintiff's Motion for Leave to File Notice of Appeal Out of Time (Doc. 51) is GRANTED. Plaintiff shall have ten days from the date of this order to file a notice of appeal. IT IS SO ORDERED this 20th Day of January, 2005, at Wichita, Ks.

and precludes the application of F.R.App.P. 4(a)(6)).