**F I L E D**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

VAN WILLIAMS; MICHAEL
STOCKTON; DARRELL D.
YOUNGBLOOD; ALONZO
EDWARDS; RICHARD MOYA; RON
HAYES; DONNIE J. CAESAR;
JEREMIAH FIELDS; ROBERT
WALLER; JACK DIAMOND,

      Plaintiffs-Appellants,

v.

CITY OF TULSA, OKLAHOMA;
BILL FALL-LEAF; ERIC
MURDOCK; DEBRA CARR; MARK
ROGERS; JOE HARRIS,

      Defendants-Appellees.

No. 06-5046
(D.C. No. 04-CV-326-HDC-SAJ)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BALDOCK**, Circuit Judges.

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiffs appeal the district court's award of costs to defendants, as authorized by 28 U.S.C. § 1920. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

*Background*

The district court granted summary judgment to defendants on September 30, 2005, a ruling plaintiffs have not appealed. Rule 54.1(a) of the Oklahoma Local Rules of Federal Procedure provides that a bill of costs is to be filed within fourteen days after the judgment, but defendants did not file theirs until November 2, 2005, nineteen days after the deadline. The district court determined that permitting the bill of costs out of time furthered the administration of justice under LCvR 1.2(c), and allowed the late filing. The district court received and considered plaintiffs' objections to the bill of costs and to the court's decision to permit it to be filed out of time.

Plaintiffs brought this timely appeal from the order granting the bill of costs, claiming (1) the district court abused its discretion by permitting the untimely request for costs, (2) the timing of the bill of costs, filed when their notice of appeal from the summary judgment was due, prejudiced their right to appeal, (3) the district court granted the bill of costs before hearing plaintiffs' objections, (4) costs were granted to the individual defendants, even though the City paid their costs, (5) the district court erred in allowing the bill of costs,

even though it was signed by the attorney for the individual defendants and not by the attorney for the City, and (6) the bill of costs included unauthorized copying costs.

*Discussion*

Generally, "costs, other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed. R. Civ. P. 54(d)(1). Under this rule, "the award of costs [is] presumptive." *Mitchell v. City of Moore*, 218 F.3d 1190, 1204 (10th Cir. 2000). "We review the district court's award of costs for abuse of discretion." *Brockman v. Wyo. Dep't of Family Servs.*, 342 F.3d 1159, 1169 (10th Cir. 2003). We also review for an abuse of discretion the district court's ruling on extending the time to file the bill of costs. *Cf. Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1193 (10th Cir. 1998) (reviewing denial of extension of time under Fed. R. Civ. P. 6(b)(1)).

Most of plaintiffs' arguments concern the district court's decision to allow the bill of costs to be filed nineteen days after the time set by LCvR 54.1(a). They contend that defendants failed to show "excusable neglect" for the late filing, as contemplated by Fed. R. Civ. P. 6(b) and *Quigley v. Rosenthal*, 427 F.3d 1232, 1238 (10th Cir. 2005) (finding no abuse of discretion in refusing to consider untimely motion "[b]ecause it is well established that inadvertence, ignorance of the rules, and mistakes construing the rules do not constitute excusable neglect for purposes of Rule 6(b)."). Here, however, the district court

ruled that LCvR 1.2(c) governed the request for an extension of the deadline imposed by another local rule, LCvR 54.1(a). We agree. Rule 6(b) applies to acts required by the Federal Rules of Civil Procedure. Those rules do not specify a time limit to file a bill of costs. *Quigley* is inapposite; it addressed a motion for attorney fees, not a bill of costs. 427 F.3d at 1233. Accordingly, we conclude that the district court did not abuse its discretion by granting defendants' request to file their bill of costs out of time.

Plaintiffs next contend that permitting the late bill of costs prejudiced their decision about whether to appeal the judgment because their notice of appeal was due at approximately the same time the bill of costs was filed. *See* Fed. R. App. P. 4(a)(1)(A) (notice of appeal due thirty days after judgment). They did not seek to extend the time to file their notice of appeal as authorized by Rule 4(a)(5)(A); they assert that they were foreclosed from requesting an extension by *Bishop v. Corsentino*, 371 F.3d 1203, 1207 (10th Cir. 2004). In *Bishop*, this court affirmed the district court's denial of an extension of time to file a notice of appeal because counsel's reasons for seeking an extension – to review the record, consult with his client, and confer with outside counsel – were within his control. *Id.* Here, defendants' filing of a late bill of costs, an action beyond plaintiffs' control, may have been grounds for an extension, but we do not address this issue since plaintiffs did not request an extension from the district court.

Plaintiffs' claim that the bill of costs was granted before they had an opportunity to oppose it overlooks the fact that the district court entertained and considered their objections. We also find no error in the district court's consideration of a bill of costs signed by counsel for the individual defendants, rather than the City defendant, even where only the City had paid costs. The court found the defense attorneys' signatures sufficient under the Oklahoma CM/ECF Administrative Guide of Policies and Procedures, § III(C)(2), and plaintiffs have made no attempt to explain that this ruling was in error. Accordingly, we find no abuse of discretion in permitting the late filing of the bill of costs.

Finally, we address plaintiffs' claim that the district court abused its discretion by granting certain copying costs, which they assert were made solely for defendants' convenience and not for filing with the court. That documents were not filed with the court is not alone grounds to disallow a cost otherwise authorized by § 1920. *See Callicrate v. Farmland Indus., Inc.*, 139 F.3d 1336, 1339 (10th Cir. 1998) (holding that costs for documents not used at trial can be recovered if they were nevertheless necessary). Moreover, defendants have not identified the documents to which they object. Therefore, it was not an abuse of discretion to grant the copying costs.

The judgment of the district court is AFFIRMED.

Entered for the Court


Bobby R. Baldock
Circuit Judge