**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 21, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CRAIG MAGRAFF,

      Plaintiff-Appellant,

v.

LOWES HIW, INC.,

      Defendant-Appellee.

Nos. 05-1537 & 06-1031
(D.C. No. 03-CV-2506-MSK-CBS)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, Chief Judge, **O'BRIEN**, and **McCONNELL**, Circuit Judges.

---

Plaintiff Craig Magraff appeals the district court's orders denying his Fed. R. App. P. 4(a)(5) motion to extend the thirty-day time in which to file a notice of appeal and also his motion for reconsideration, which the district court treated as a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e). We affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Magraff's complaint alleged various claims against his former employer, defendant Lowes HIW, Inc. (Lowes). The district court granted Lowes' summary judgment motion and entered judgment on September 19, 2005. Pursuant to Rule 4(a)(1)(A), Magraff had thirty days from the entry of judgment – that is, until October 19, 2005 – to file his notice of appeal. However, Magraff's counsel mistakenly calendared the due date as October 20, 2005, and filed the notice of appeal one day late. We dismissed that appeal for lack of jurisdiction. *Magraff v. Lowes HIW, Inc.*, No. 05-1483 (10th Cir. Dec. 30, 2005) (order dismissing appeal).

After discovering the docketing error, Magraff moved on November 2, 2005, for an extension of time to file his notice of appeal.[1] The district court denied this motion on November 9, 2005. Magraff then moved for reconsideration on November 23, 2005. On December 2, 2005, he filed a notice appealing the district court's November 9, 2005 order. The district court denied Magraff's motion for reconsideration on January 10, 2006, and Magraff filed a notice appealing the denial of reconsideration on January 19, 2006.[2]

---

[1]     This pleading was captioned "Plaintiff's First Amended Motion for Extension of Time, Nunc Pro Tunc." Magraff had filed a substantially identical earlier version of the motion on October 31, 2005, which the district court denied without prejudice for failure to comply with local rules.

[2]     We have consolidated Magraff's appeals numbered 05-1537 (December 2, 2005, notice of appeal) and 06-1031 (January 19, 2006, notice of appeal) and dispose of both through this order and judgment.

Magraff argues that the district court erroneously denied his motion for an extension under Rule 4(a)(5)(A), pursuant to which the district court may extend the thirty-day appeal time if a party shows excusable neglect or good cause. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). In his motions, Magraff alternately blamed his failure to file a timely notice of appeal first on his counsel's misapprehension of the deadline, and later on his counsel's illness on the actual deadline date for the notice to be filed. Magraff explained in his motion for reconsideration that his counsel *intended* to file the notice of appeal on the due date, but his counsel's illness prevented him from doing so. Magraff also indicated that the only other attorney familiar with his case had not been tasked with preparing the notice of appeal, and in any event was also unavailable on the deadline date. Thus, although Magraff admits his counsel mistakenly believed he had one additional day to file the notice of appeal, he argues that the delay ultimately resulted not from that error, but from counsel's illness on the actual due date, which was beyond his or his counsel's control.

A district court's order denying a motion to extend the time for filing a notice of appeal is itself an appealable final judgment, which this court reviews only for abuse of discretion. *Id.* This court likewise reviews a district court's ruling on a Rule 59(e) motion for abuse of discretion. *Brown v. Presbyterian Healthcare Servs.*, 101 F.3d 1324, 1331 (10th Cir. 1996). "Under the abuse of discretion standard, a trial court's decision will not be disturbed unless the

appellate court has a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.*

The district court correctly considered the appropriate factors in determining whether Magraff demonstrated excusable neglect justifying an extension of time: (i) the danger of prejudice to the non-movant; (ii) the length of the delay and its potential impact on judicial proceedings; (iii) the reason for the delay, including whether it was in the reasonable control of the movant; and (iv) whether the movant acted in good faith. *See Bishop*, 371 F.3d at 1206. As the district court noted, the neglect need not arise from circumstances beyond the movant's control, but inadvertence or mistake in construing the rules does not usually constitute excusable neglect. *See City of Chanute v. Williams Natural Gas Co.*, 31 F.3d 1041, 1046 (10th Cir. 1994). The district court found that three of the four factors weighed in Magraff's favor, but ultimately determined that Magraff's proffered reasons for the delay were not sufficient to establish excusable neglect under the third factor. This court has held that this is "perhaps the most important single factor." *Id.*

The alternative justification of "good cause" under Rule 4(a)(5) is a more narrow standard, employed where the "excusable neglect" analysis is inappropriate. *Bishop*, 371 F.3d at 1207. Good cause arises where there is no fault, excusable or otherwise, to be assessed, and the need for an extension results

from forces outside the control of the movant. *Id.* The district court did not find that the circumstances of Magraff's delay constituted good cause.

In denying Magraff's motions for an extension and for reconsideration, the district court noted its assumption that attorneys prefer to file pleadings early, rather than on the date they are due. The district court reasoned, "The fact that unexpected circumstances frequently frustrate these intentions is why the Court must examine not whether the attorney intended to take some act that would have resulted in a timely filing, but rather, examine the actual reason why the deadline was not met." Aplt. App. at 92-93. The district court concluded that the actual reason why the notice of appeal was not timely filed was counsel's error in calendaring the deadline. It distinguished circumstances where the attorney's illness directly caused a scheduling error or prevented a timely filing "in accordance with the attorney's recognition of the correct deadline." *Id.* at 93. The district court found that counsel's illness was simply coincidental to the calendaring error and that the circumstances in this case constituted neither excusable neglect nor good cause.

We find that the district court properly applied the standards for determining whether there was excusable neglect or good cause and did not abuse its discretion in denying Magraff's motion for an extension and motion for reconsideration. We note that Magraff's counsel deliberately waited until the end of the thirty-day period to file the notice of appeal, increasing the risk that

-5-

unforeseen events, including illness, might interfere with his ability to meet the deadline. The record does not show that counsel was ill for the entire period during which the appeal could have been filed. Moreover, the notice of appeal required by Fed. R. App. P. 3(c) is a simple document to prepare, which does not require particular familiarity with the case. Nonetheless, there is no indication in the record that Magraff's counsel made any effort, either before or during his illness, to seek the assistance of other attorneys in his office, or even his secretary, to complete the filing on or before his <u>intended</u> day. *See, e.g., Gibbons v. United States*, 317 F.3d 852, 855 (8th Cir. 2003) (affirming district court's denial of extension request based upon counsel's illness, where the illness did not span the entire appeal period and counsel took no steps to have cases managed by others during illness). On this record, we do not find an abuse of discretion in the district court's conclusion that the calendaring error caused the delay and did not constitute excusable neglect or good cause to justify an extension to file the notice of appeal.

We acknowledge that this is a harsh result; abuse of discretion is, however, a very deferential standard of review. When we apply this standard, "we defer to the trial court's judgment because of its first-hand ability to view the witness or evidence and assess credibility and probative value." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) Here, we do not find that the district court's judgment was "manifestly unreasonable." *Id.*

The judgment of the district court is affirmed.

Entered for the Court


Terrence L. O'Brien
Circuit Judge