**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

RUBY J. HARVEY-BURGIN,

Plaintiff - Appellant,

and

JEFFREY MOORE, et al.,

Plaintiffs,

v.

SPRINT/UNITED MANAGEMENT
COMPANY,

Defendant - Appellee.

No. 08-3103
(D.C. No. 2:03-CV-02200-JWL-DJW)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **McCONNELL,** and **HOLMES**, Circuit Judges.

After examining the briefs and appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R.

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be
cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

34.1(G). The case is therefore ordered submitted without oral argument.

This is an appeal by an opt-in plaintiff in a class action suit from an order denying her motion for an extension of time in which to appeal the order of final approval of settlement. We vacate the district court order and remand for further proceedings.

## BACKGROUND

The plaintiffs filed a class action alleging age discrimination in employment. The appellant was one of approximately 1700 opt-in plaintiffs. The parties reached a settlement, and, on September 11, 2007, the district court, in a 15-page order, approved the settlement. The court did not enter a separate Rule 58 judgment. *See* Fed. R. Civ. P. 58(a) ("Every judgment and amended judgment must be set out in a separate document, but a separate document is not required for [orders which are not applicable here].").

On January 28, 2008, the appellant filed a motion seeking an extension of time to file an appeal. The district court denied the motion in an order entered on March 7, 2008. The district court concluded that because the motion was not filed within 60 days of the September 11 order as required by Fed. R. App. P. 4(a)(5), the motion was untimely and it lacked authority to grant the motion.

2

The appellant filed a timely appeal from that order on April 4.

This matter is before us to consider a motion to dismiss filed by the defendant/appellee and the response filed by the appellant. The defendant argues that because the motion for extension of time was untimely, the district court had no authority to grant the motion, and the appeal should be dismissed.

## DISCUSSION

A district court's order refusing to extend the time for filing a notice of appeal is itself an appealable final judgment which this court reviews for an abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004).

The district court erred in concluding that the motion for extension of time was untimely. The court's order approving the settlement does not satisfy the requirements of Fed. R. Civ. P. 58. *See Clough v. Rush*, 959 F.2d 182, 185-86 (10th Cir. 1992) (holding that a district court order which contained detailed legal analysis and reasoning could not, standing alone, trigger the appeal process). *See also Clymore v. United States*, 415 F.3d 1113, 1117 (10th Cir. 2005) (noting that the separate judgment requirement is mechanically applied, so an order containing a reasoned disposition combined with a judgment will not satisfy the rule). *See also Bankers Trust*

3

*Co. v. Mallis*, 435 U.S. 381, 384 (1978) ("The sole purpose of the separate-document requirement … was to clarify when the time to appeal … begins to run."); *Thompson v. Gibson*, 289 F.3d 1218, 1221 (10th Cir. 2002) (Rule 58 "should be interpreted to preserve an appeal where possible ….").

Because no separate Rule 58 judgment was entered, the time to appeal did not begin to run until 150 days after entry of the order. *See* Fed. R. Civ. P. 58(c)(2)(B) (judgment is deemed entered 150 days from the entry of the order when no separate judgment has been entered). Here the time to file an appeal did not begin to run until February 8, 2008.

Thus the motion for extension of time was not late, and, in fact, the time to file an appeal had not even expired yet when the motion was filed on January 28.

Accordingly, the district court order denying the extension of time to file an appeal is **VACATED** and the matter is **REMANDED** for further proceedings consistent with this order.

ENTERED FOR THE COURT

PER CURIAM

4