**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 27, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

MARTINO WIDJAJA,

      Defendant-Appellant.

Nos. 07-1368 and 08-1079
(D.C. No. 07-cr-111-EWN)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

This case consolidates two appeals by pro se Defendant Martino Widjaja.

Defendant appeals both the criminal judgment against him, for which he filed an

untimely appeal, and the district court's subsequent denial of his request for an

extension of time in which to file his appeal.

A magistrate judge found Defendant guilty of possessing a firearm on

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.
    After examining the briefs and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).
The case is therefore ordered submitted without oral argument..

Veterans Administration property in violation of 38 C.F.R. § 1.218(b)(37). The district court affirmed the judgment on August 9, 2007. Defendant filed his motion to appeal on September 9, 2007, well past the ten-day deadline for filing an appeal, but within the time allowed to move for an extension of time to appeal. *See* Fed. R. App. P. 4 (b)(1)(A)(i), 4(b)(4). This court partially remanded the case to the district court to permit Defendant an opportunity to show good cause or excusable neglect for his failure to file a timely appeal. On December 13, 2007, the district court gave Defendant until January 3, 2008 to make this showing.

On January 2, 2008, Defendant filed a document the court construed as Defendant's motion to show good cause or excusable neglect in order to seek an extension of time. In the motion, Defendant stated that he was late in filing his notice of appeal because a court employee referred him to the court website for information, and he read on the website that he had forty days to file an appeal. The district court did not question Defendant's good faith apparent misreading of the website's accurate information but concluded that the error did not constitute excusable neglect and thus denied Defendant's motion. Defendant thereafter filed a "Motion to Present Evidence of Motive," which this court construed as a misdirected notice of appeal.

We review a district court's order refusing to grant an extension of time for abuse of discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir.

2004). A district court should not extend the time for filing an appeal unless presented with "circumstances that are unique and extraordinary." *Id.* at 1207 (internal quotation marks omitted).

We conclude the district court did not abuse its discretion when deciding neither Defendant's ignorance of the law nor his good faith error in misreading the court's website constituted good cause or excusable neglect for his untimely filing. For substantially the reasons listed in the district court's order and memorandum of decision, we **AFFIRM** the district court's decision not to grant Defendant an extension of time for filing. We therefore **DISMISS** his original appeal as untimely.

Entered for the Court


Monroe G. McKay
Circuit Judge