**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Rickke Leon GREEN, Defendant– Appellant.**

No. 08–6181.

United States Court of Appeals, Tenth Circuit.

April 7, 2009.

Kerry A. Kelly, Esq., John C. Richter, U.S. Attorney, United States Attorney's Office, Oklahoma City, OK, for Plaintiff– Appellee.

Rickke Leon Green, McAlester, OK, pro se.

Before LUCERO, MURPHY and McCONNELL, Circuit Judges.

**ORDER DENYING CERTIFICATE**

**OF APPEALABILITY***

MICHAEL W. McCONNELL, Circuit Judge.

Rickke Leon Green, a former federal prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal the district court's denial of his motion for an out of time appeal. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(c), we conclude that Mr. Green has not made "a substantial showing of the denial of a constitutional right." We therefore deny Mr. Green's request for a COA and dismiss the appeal. We also deny his request to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915.

### Background

In 1982, Mr. Green was convicted of assault with a dangerous weapon while incarcerated at a Federal Corrections Institute. He was sentenced to five years' imprisonment, to be served consecutively to any prior sentences. He did not file a direct appeal. In 1985, however, Mr. Green filed a 28 U.S.C. § 2255 federal habeas motion claiming ineffective assistance of counsel. After many layers of appeals, the district court eventually found that Mr. Green had received effective assistance of counsel and therefore denied federal habeas relief. We affirmed that decision on November 22, 1988. Mr. Green was released from federal custody on July 18, 1996.

On September 2, 2005, Mr. Green was convicted in Oklahoma state court for possession of contraband within a state penal institution. The state court used Mr. Green's prior federal conviction to enhance his sentence to a term of thirty years of imprisonment. On August 16, 2007, Mr. Green once again sought to attack his prior federal conviction through a § 2255 federal habeas motion. The petition was transferred to this court and on December 5, 2007, we denied Mr. Green authorization to file a second or successive § 2255 federal habeas petition.

On March 14, 2008, Mr. Green filed a Rule 60 motion for relief from judgment, claiming our December 5, 2007 decision was "based on mistake, fraud, void judgment, and fraud on the court." Doc. 17 at 1. Specifically, Mr. Green alleged that his 2007 habeas petition was not a second motion and that the district court was biased against him. On March 26, 2008, the district court denied Mr. Green's Rule 60 motion as his claims were either untimely or without merit. To the extent that Mr. Green's Rule 60 motion could be considered a successive federal habeas petition, the district court dismissed the claim for lack of jurisdiction. On July 9, 2008, Mr. Green filed a Motion for Leave for Out of Time Appeal requesting an extension of time to appeal the district court's March 26, 2008 order. The district court denied Mr. Green's motion and to the extent, if any, that a COA was warranted, denied Mr. Green's request for a COA. The district court also denied Mr. Green's IFP motion. Mr. Green now seeks a COA on the denial of his Motion for Leave for Out of Time Appeal and leave to proceed in forma pauperis.[1]

---

* This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

1. On March 23, 2009, Mr. Green filed a supplemental brief claiming, for the first time, that he is innocent of the federal charges on the ground of self defense. As this is a new ground for habeas relief, not raised below, we cannot consider it on appeal. If Mr. Green wishes to file a new petition for habeas relief, he must petition this court for an authorization to file a second or successive habeas petition. *See* 28 U.S.C. §§ 2244(b)(3)(A) & 2255(h).

## Discussion

We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the claim is denied on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000). In addition, we review the denial of a motion for extension of time to file an appeal for abuse of discretion. *See Bishop v. Corsentino,* 371 F.3d 1203, 1206 (10th Cir.2004). An abuse of discretion occurs when the district court commits "a clear error of judgment or exceed[s] the bounds of permissible choice in the circumstances." *Id.* (quoting *Moothart v. Bell,* 21 F.3d 1499, 1504 (10th Cir.1994)).

A petitioner must show excusable neglect or good cause in order to receive an extension of time to file a notice of appeal. Fed. R.App. P. 4(a)(5) & 4(b)(4). Mr. Green claims that he mailed a notice to appeal well within the thirty day period, but that the court never received it. In determining that Mr. Green showed neither good cause nor excusable neglect in his motion for extension of time, the district court found Mr. Green's assertion insufficient. Mr. Green, however, presented the district court no evidence supporting this contention. Nor has he pointed to any evidence on appeal. As we have no evidence to support Mr. Green's assertion, we cannot say that the district court abused its discretion in denying Mr. Green's motion.

We therefore find that Mr. Green has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). No reasonable jurist would disagree with the district court's conclusion that Mr. Green did not demonstrate good cause for requesting an extension of time to file a notice of appeal.

## Conclusion

Accordingly, we **DENY** Mr. Green's request for a COA and **DISMISS** this appeal. Petitioner's motion to proceed in forma pauperis is also **DENIED**.