**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 10, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

358 LIBERATION, LLC,

    Plaintiff - Appellant,

v.

COUNTRY MUTUAL INSURANCE
COMPANY,

    Defendant - Appellee.

No. 18-1267
(D.C. No. 1:15-CV-01758-RM-STV)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **McKAY**, and **LUCERO**, Circuit Judges.
_____

358 Liberation, LLC ("Liberation"), appeals from a district court order denying its

motion to extend the time to file a notice of appeal. Exercising jurisdiction under 28

U.S.C. § 1291, we affirm.

**I**

In March 2018, the district court granted in part the motion of Country Mutual

Insurance Company ("CMIC") to enforce a settlement agreement between it and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

Liberation. The district court determined Liberation was bound by its agreement to settle the claims against CMIC for $25,000. The parties filed a joint motion seeking entry of judgment so Liberation could appeal. On May 9, 2018, the district court granted that motion and entered judgment accordingly.

The last day for Liberation to file a timely notice of appeal from that judgment was June 8, 2018. See Fed. R. App. P. 4(a)(1)(A). Liberation filed its notice of appeal on June 10. On June 12, Liberation filed an unopposed motion to extend the time to appeal. Liberation's counsel stated they had discussed filing the notice of appeal with their paralegal, but the paralegal inadvertently forgot to file the notice of appeal due to her significant workload and the approaching one-year anniversary of her mother's passing. Liberation's counsel forgot to ensure the notice was filed that evening.

The district court denied Liberation's motion for an extension, concluding Liberation's claims of inadvertence were insufficient to establish excusable neglect or good cause for an extension. The court explained Liberation's counsel knew an appealable judgment had been entered on May 9, but nonetheless waited until the final possible day to file the notice of appeal.

**II**

We review a district court's refusal to extend the time to file notice of an appeal for abuse of discretion. Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004). Under this standard, we will not disturb the district court's decision absent "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." Id. (quotation omitted).

2

"The district court may extend the time to file a notice of appeal if . . . a party so moves no later than 30 days after the time prescribed by . . . Rule 4(a) expires[ ] and . . . that party shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A). Liberation timely sought an extension, so we assess whether Liberation demonstrated good cause or excusable neglect.

Good cause "comes into play in situations in which there is no fault—excusable or otherwise. In such situations, the need for an extension is usually occasioned by something that is not within the control of the movant." Bishop, 371 F.3d at 1207 (quotation omitted). Because Liberation's failure to meet the notice-of-appeal deadline was entirely of its own making, it cannot demonstrate the district court abused its discretion for failure to grant the extension on good cause grounds.

Excusable neglect requires circumstances that are unique and extraordinary. Id. at 1206-07. In assessing excusable neglect, we consider "the danger of prejudice to the nonmoving party, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." Id. at 1206 (alteration and quotation omitted). And excusable neglect is generally not satisfied by mere inadvertence, see United States v. Torres, 372 F.3d 1159, 1163-64 (10th Cir. 2004), such as missing the appeal deadline due to a heavy workload, Lang v. Lang (In re Lang), 414 F.3d 1191, 1200 & n.27 (10th Cir. 2005).

Liberation argues the district court abused its discretion in refusing to extend the deadline to appeal because it focused on the reason for missing the deadline, and did not

3

address the other factors: prejudice to CMIC; length of the delay in filing the notice of appeal and the impact on judicial proceedings; and whether Liberation's delay was in good faith. We disagree. Counsel's reason for missing the deadline is "perhaps the most important single factor . . . in determining whether neglect is excusable." Torres, 372 F.3d at 1163 (10th Cir. 2004); see also Utah Republican Party v. Herbert, 678 F. App'x. 697, 701 (10th Cir. 2017) (unpublished) (explaining "the fact that the movant's counsel is professionally engaged in other matters is not sufficient, as a matter of law, to show excusable neglect"). And although Liberation's paralegal failed to timely file the notice of appeal because of a heavy workload and emotional strain, Liberation's counsel, entirely without justification, forgot to check whether the appeal had been filed.

Moreover, the district court addressed good faith. Specifically, the district court explained Liberation's counsel knew the deadline was approaching, as counsel joined a motion seeking entry of judgment so Liberation could appeal, but nonetheless failed to promptly file a notice of appeal. For these reasons, the district court did not abuse its discretion in denying Liberation's motion to extend the appeal deadline.

### III

We **AFFIRM** the district court's order.

Entered for the Court

Carlos F. Lucero
Circuit Judge

4