## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

ROBERT EDWARD HILL,

    Petitioner - Appellant,

v.

JEFF LONG, Warden, SCF; DEAN
WILLIAMS, Executive Director CDOC;
PHIL WEISER, Attorney General of the
State of Colorado,

    Respondents - Appellees.

No. 24-1474
(D.C. No. 1:21-CV-03203-PAB)
(D. Colo.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Petitioner Robert Hill is a prisoner serving life for murdering his girlfriend's

daughter. His trial counsel rejected his preferred defense theory that the daughter had a

blood disorder that caused the injuries that killed her. Existing evidence at the time

allegedly supported Petitioner's preferred strategy, and he claimed ineffective assistance

of counsel after a jury convicted him. A federal district court denied him a writ of habeas

corpus, holding that Petitioner filed his claim after the statute of limitations and could not

obtain an equitable exception for actual innocence. He then sought an untimely appeal,

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

but the district court denied his motion.  Exercising jurisdiction under 28 U.S.C. § 1291, we dismiss his appeal.

I.

Petitioner's girlfriend left to run an errand and told him to watch her young daughter.  When she returned, she found her daughter unresponsive, called 911, and rushed her to the hospital.  The daughter later died from her injuries, having suffered "bruises on various parts of [her] body, and . . . internal bleeding, including in her brain, eyes, and abdomen."  During the subsequent police investigation Petitioner said the daughter injured herself when she fell out of her bed, and that he performed cardiopulmonary resuscitation on her when he found her unresponsive.

Colorado state authorities charged Petitioner with first-degree murder.[1] Petitioner's defense counsel was an experienced child-abuse attorney.  After consulting with several medical experts, she rejected Petitioner's proposed defense theory that the daughter's rare blood disorder disseminated intravascular coagulation ("DIC"), exacerbated her fall from the bed, and ultimately killed her.  She instead decided that the medical evidence suggested the daughter suffered the blunt force trauma associated with a beating and built the defense strategy around implicating Petitioner's girlfriend as an alternative suspect.  A jury convicted Petitioner.  Unrebutted medical evidence suggested the daughter died of blunt force trauma, and Petitioner had a prior child abuse conviction.

---

[1] State authorities also charged him with child abuse resulting in death, but a state appellate court later vacated it because it merged into the murder charge.

Petitioner unsuccessfully appealed his conviction through the state court system. He then sought state postconviction relief, arguing that his trial counsel was ineffective for failing to advance his preferred defense strategy attributing his girlfriend's daughter's death to CID and for failing adequately investigate the theory to determine its veracity. The postconviction court denied Petitioner's claim after a hearing at which trial counsel and the doctors that examined the deceased before her death testified. The postconviction court found that trial counsel investigated relevant medical evidence and therefore did not fall below an objective attorney-competence standard. The Colorado Court of Appeals affirmed.

Petitioner then shifted to federal postconviction relief, asserting most of the same arguments. The District of Colorado dismissed the claims because Petitioner filed it after 28 U.S.C. § 2244's one-year statute of limitations. The district court determined that the equitable tolling exception did not apply despite Petitioner's argument that he sought relief based on his actual innocence of the crime for which Colorado convicted him. We found merit in this claim, reversing and remanding to the district court to consider Petitioner's actual-innocence claim based on the evidence he presented during his post-conviction proceedings. The district court mistakenly believed he presented this evidence at trial, which did not fulfill 28 U.S.C. § 2244's actual-innocence equitable exception's requirement that petitioners present new reliable evidence. On remand the district court again found Petitioner did not meet the equitable exception because the new expert testimony and other evidence showed at most that the jury could have believed his factual scenario. As the actual-innocence exception requires new evidence suggesting "that it is

more likely than not that no reasonable juror would have convicted him in the light of the new evidence," Petitioner could not succeed. It also concluded Petitioner's underlying ineffective-assistance-of-counsel claims lacked merit.

Petitioner learned about this holding too late. Although the district court entered judgment against him on July 22, 2024, Petitioner did not receive the ruling in the mail until October 4. As parties must appeal within 30 days of judgment entry, Petitioner moved the district court on October 21, 2024 to extend the time to appeal because he received notice of the adverse decision so late. The district court denied that motion because Federal Rule of Appellate Procedure 4(a)(5)(A) allowed the Court to do so only within 30 days after the initial appealing period expired, which Petitioner could not have done because he learned about the judgment against him months after the Court issued it. And Petitioner also did not file the motion within fourteen days after receiving notice of the judgment, which foreclosed the other method by which the Court could extend the appellate period. Petitioner nevertheless appealed.

## II.

As the foregoing discussion indicates, we lack jurisdiction to consider Petitioner's purported appeal of the district court's order denying him a writ of habeas corpus both because he produced insufficient evidence to satisfy 28 U.S.C. § 2244's actual-innocence equitable exception and because he failed to show his trial counsel was insufficient. And he clearly filed his notice of appeal more than thirty days after the district court first entered judgment on July 22, 2024. Even if we excused Federal Rule of Appellate Procedure 4(a)(5)(A)(i)'s requirement that a party must move for an extension to appeal

4

"no later than 30 days" after the initial 30-day appeal period, Petitioner moved for an extension only on October 21, 2024.  Federal Rule of Appellate Procedure 4(a)(6) permits reopening the appellate period only if a party moves for extension "within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the [judgment] entry."  And October 21 is more than 14 days after Petitioner first received notice of the judgment against him on October 4.  Without appellate jurisdiction, we cannot review the district court's substantive claims.

We do, however, have appellate jurisdiction over the district court's decision to deny an extension of time to appeal.  Petitioner filed his notice of appeal of that decision on November 26, 2024, within thirty days after the district court rejected his motion on November 14.  Reviewing for abuse of discretion, the district court did not err in denying Petitioner's motion to extend his time to appeal.  Bishop v. Corsentino, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting City of Chanute v. Williams Natural Gas Co., 31 F.3d 1041, 1045 (10th Cir. 1994)).  As explained above, Petitioner did not move for an extension of his time to appeal during either the thirty-day period after the initial appeal window expired or the fourteen days after he first learned of the district court's order denying his substantive claims.  As these are the only periods during which the Federal Rules of Appellate Procedure allow appeal extensions, the district court did not err in denying Petitioner's motion.  We DENY Petitioner a certificate of appealability, DENY

5

Petitioner's second motion to appoint an attorney, and DISMISS this matter.

Entered for the Court

Joel M. Carson III
Circuit Judge