**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 7, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

HOLLY MACINTYRE,

    Plaintiff - Appellant,

v.

THE SUPREME COURT OF
COLORADO, and the Justices thereof, in
their official capacities; JP MORGAN
CHASE BANK, N.A.,

    Defendants - Appellees.

No. 24-1476
(D.C. No. 1:23-CV-01765-CNS-KAS)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **PHILLIPS**, and **MORITZ**, Circuit Judges.
_____

Holly MacIntyre, proceeding pro se, appeals the district court's judgment

dismissing her complaint and the denial of her postjudgment motion. We affirm the

denial of her postjudgment motion, but we lack jurisdiction to review the judgment

because her notice of appeal was untimely.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I.    BACKGROUND & PROCEDURAL HISTORY

MacIntyre filed this action in July 2023 against the Supreme Court of Colorado and its Justices in their official capacities and JP Morgan Chase Bank N.A. After she filed her second amended complaint (the operative complaint on this appeal) both defendants filed motions to dismiss. In July 2024, after reviewing the motions and MacIntyre's responses, a magistrate judge issued a report and recommendation (R&R), recommending that the motions be granted.

 MacIntyre objected to the R&R and both defendants responded. On September 26, 2024, MacIntyre submitted a motion requesting permission to file a reply to the responses. But on the following day, the district court adopted the R&R, dismissing MacIntyre's second amended complaint, and the clerk entered final judgment. As it turned out, there was a clerical error and McIntyre's request to file a response was not docketed until October 25, so the court had not been aware of the request when it dismissed the complaint.

On November 7 MacIntyre moved for postjudgment relief under Fed. R. Civ. P. 60(b)(1) & (6) or, in the alternative, an extension of time to file a notice of appeal under Fed. R. App. P. 4(a)(5). She argued that relief under Rule 60(b) was necessary so that her belatedly docketed motion could be considered, and that her motion delayed the finality of the judgment.

On November 13 the district court entered a minute order denying MacIntyre's postjudgment motion. It determined that the docketing error was harmless, because "replies in support of objections to magistrate judge recommendations are not

2

permitted." R. at 1187. It also denied MacIntyre's request for an extension of time to file a notice of appeal because she had not demonstrated excusable neglect or good cause.

MacIntyre filed her notice of appeal on December 2, 2024.

## II.  ANALYSIS

### a.  Jurisdiction

A party in a civil case must file a notice of appeal within 30 days of the final judgment. *See* Fed. R. App. P. 4(a)(1)(A). The deadline is delayed, however, by filing in the district court any of the postjudgment motions enumerated in Fed. R. App. P. 4(a)(4)(A), but not more than 28 days after entry of final judgment. *See id.* Even pro se parties must comply with this procedural requirement. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

Because the district court entered final judgment on September 27, 2024, MacIntyre's deadline to file a timely notice of appeal from that judgment was October 28.[1] *See* Fed. R. App. P. 4(a)(1)(A). Although she filed a postjudgment motion on November 7, it was well past the 28-day deadline and therefore did not extend the deadline. McIntyre has not cited, nor are we aware of, any authority that her request for permission to file a reply brief tolled or otherwise extended the time to file a notice of appeal.

---

[1] October 27, 2024, which falls 30 days after the district court's order, fell on a Sunday.

MacIntyre suggests that the judgment filed on September 27 was not a final judgment. We disagree. On its face it disposed of all the issues before the district court. *See Moya v. Schollenbarger*, 465 F.3d 444, 450 (10th Cir. 2006). If the district court has overlooked an argument regarding one of the issues it decided, the remedy is to move the court to reconsider. Because of the overriding need for clarity concerning when a judgment becomes final, we do not look behind the face of the judgment to be sure that the district court has considered all the arguments presented by the parties.

But we do have jurisdiction to review the district court's denial of MacIntyre's postjudgment motion. The order denying that motion was entered on November 13, and she filed her notice of appeal on December 2, 2024, well before expiration of the 28-day deadline. A ruling on a postjudgment motion is separately appealable from an underlying judgment. *See Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016). "[A]n appeal from denial of Rule 60(b) relief raises for review only the district court's order of denial and not the underlying judgment itself." *Id.* (internal quotation marks omitted).

### b. Postjudgment motion

We turn now to the merits of the postjudgment motion. MacIntyre requested postjudgment relief under Fed. R. Civ. P. 60(b)(1) & (6) and Fed. R. App. P. 4(a)(5).

### 1. Fed. R. Civ. P. 60(b)(1) & (6)

We review rulings on Rule 60(b) motions for relief from judgment for an abuse of discretion, reversing only if the ruling was "arbitrary, capricious, whimsical,

4

or manifestly unreasonable." *Lebahn*, 813 F.3d at 1306 (internal quotation marks omitted). Under Rule 60(b)(1) a court may grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Relief under Rule 60(b)(6) is available for any "reason that justifies relief" that is not otherwise addressed under Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6). But it is "reserved for exceptional circumstances," *Johnson v. Spencer*, 950 F.3d 680, 701 (10th Cir. 2020) (internal quotation marks omitted).

MacIntyre argues under both (b)(1) and (b)(6) that the judgment should be set aside because it could not be final until the district court ruled on her motion to file a reply brief in opposition to the magistrate judge's R&R. But we already rejected that argument when we decided above that the September 27 judgment was a final judgment.

MacIntyre may also be arguing that she should now be granted permission to submit a reply brief in support of her challenge to the R&R. But the district court did not abuse its discretion in denying permission. She had ample opportunity to raise her objections to the R&R without the necessity of a reply brief.

### 2.  Fed. R. App. P. 4(a)(5)

As for MacIntyre's complaint that the district court denied her motion to extend the time to file a notice of appeal, we again review only for an abuse of discretion. *See Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). And again we see no such abuse. The failure of the district court to consider a possible reply brief in support of the challenge to the R&R, even if an egregious error, would

5

not be reason for extending the time to appeal. The appropriate response by MacIntyre would have been to recognize that a final judgment had been entered and then promptly seek a rehearing or reconsideration of the defendants' motions to dismiss through a motion under Rule 59 or 60. Such a motion would automatically reset the 30-day clock for filing a notice of appeal. MacIntyre's failure to proceed in that manner is hardly ground for extending the time to file a notice of appeal.

### III. CONCLUSION

We affirm the district court's judgment. MacIntyre's motion "to clarify the basis for the court's appellate jurisdiction and issues being appealed" is denied except to the extent of our explanation why we lack jurisdiction to review the district court's final judgment. Appellant Mot. 1, Dkt. No. 12 (capitalization omitted).

Entered for the Court

Harris L Hartz
Circuit Judge