**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**December 10, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

ANDREW VALLES,

    Petitioner - Appellant,

v.

STATE OF UTAH,

    Respondent - Appellee,

and

JAMES HILL, Warden of the California
Institute for Men; FEDERAL BUREAU
OF PRISONS,

    Respondents.

No. 25-4028
(D.C. No. 2:20-CV-00774-DBB)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.[**]
_____

Petitioner-Appellant Andrew Valles, proceeding pro se, appeals from the district

court's denial of a motion to extend the time to appeal.  R. 175–78.  Our jurisdiction

_____

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

arises under 28 U.S.C. § 1291.  For the reasons below, we affirm.

## Background

Mr. Valles sought a writ of habeas corpus under 28 U.S.C. § 2254.  Id. at 7–41. The district court dismissed the action as time-barred on July 18, 2023.  Id. 100–12.  Mr. Valles then sought reconsideration on August 14, 2023.  Id. 113–45.  The district court denied reconsideration on March 15, 2024.  Id. 146–55.  On December 23, 2024, Mr. Valles deposited a notice of appeal in the prison mail system from the denial of reconsideration.  Id. at 156–57.  He then filed a motion for extension of time to file a notice of appeal in the prison mail system on January 23, 2025, alleging that he did not receive proper notice of the dismissal because he was being transferred to another facility.  Id. at 165–69.  On February 19, 2025, the court denied his motion for extension of time to file a notice of appeal.

## Discussion

We lack jurisdiction from "final orders that dispose of the merits of a habeas corpus proceeding" arising from a state court conviction unless a circuit judge issues a certificate of appealability (COA).  Harbison v. Bell, 556 U.S. 180, 183 (2009); 28 U.S.C. § 2253(c)(1)(A).  But where, as here, the appeal disposes of collateral issues, rather than the merits of the habeas petition, no COA is required.  Jackson v. Oklahoma, 735 F. App'x 504, 510 (10th Cir. 2018) (no COA required where petitioner appealed from order denying additional time to appeal dismissal of habeas

petition); <u>Farrow v. Colorado</u>, No. 25-1022, 2025 WL 2396662, at \*3 (10th Cir. Aug. 19, 2025) (same).  Therefore, we may review Mr. Valles's appeal without a COA.

We review orders denying motions to extend the time to file a notice of appeal for abuse of discretion, meaning we will not disturb the denial unless we have "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances."  <u>Bishop v. Corsentino</u>, 371 F.3d 1203, 1206 (10th Cir. 2004) (quoting <u>Moothart v. Bell</u>, 21 F.3d 1499, 1504 (10th Cir. 1994)).  The timely notice of appeal is both mandatory and jurisdictional.  <u>Vanderwerf v. SmithKline Beecham Corp.</u>, 603 F.3d 842, 848 (10th Cir. 2010).

While we afford liberal construction to pro se pleadings, we cannot act as an advocate.  <u>Yang v. Archuleta</u>, 525 F.3d 925, 927 n.1 (10th Cir. 2008).  Mr. Valles alleges several harms pertaining to his convictions and subsequent proceedings in his brief but does not engage with the district court's reasoning as required.  <u>Nixon v. City & Cnty. of Denver</u>, 784 F.3d 1364, 1366 (10th Cir. 2015).  The district court determined that no timely notice of appeal was filed under Fed. R. App. P. 4(a)(1)(B) (allowing 60 days after judgment is entered when a federal party is named) or Fed. R. App. P. 4(a)(6) (allowing 180 days where moving party did not receive notice of the underlying order).  R. 177.  We have reviewed the district court's order and find no abuse of discretion.  The district court's order denying the motion for extension of

3

time is AFFIRMED and the balance of the claims raised on appeal are DISMISSED

for lack of jurisdiction.

              Entered for the Court


              Paul J. Kelly, Jr.
              Circuit Judge