IN RE MARGARET S. SOEHNGEN, also known as Peggy Soehngen, also known as Peg Shedden, also known as Peg Korte, doing business as Blazing Enterprises, formerly known as Margaret Korte, formerly known as Margaret S. Shedden, officer, director, shareholder Growth Enterprises, Inc., Chapter 7, Debtor.
DAVID BAINBRIDGE, RAYMOND DELGADO and SPENCER MEIER, Plaintiffs-Appellees,
v.
MARGARET S. SOEHNGEN, Defendant-Appellant.
BAP No. CO-07-100, Bankr. No. 05-51193-EEB, Adv. No. 06-01769-EEB.
United States Bankruptcy Appellate Panel, Tenth Circuit.
October 15, 2008.
Before McFEELEY, Chief Judge, NUGENT, and KARLIN, Bankruptcy Judges.

OPINION[*]
KARLIN, Bankruptcy Judge.
The parties did not request oral argument, and after examining the briefs and appellate record, the Court has determined unanimously that oral argument would not materially assist in the determination of this appeal. Fed. R. Bankr. P. 8012. The case is therefore ordered submitted without oral argument.
Debtor Margaret Soehngen ("Debtor") appeals the bankruptcy court's default judgment against her for non-dischargeability of her debt to plaintiffs, pursuant to 11 U.S.C. § 523(a)(4) and (6). We affirm.

I. BACKGROUND
Debtor filed a petition for Chapter 7 relief on October 16, 2005. Plaintiffs filed an adversary proceeding against Debtor, objecting to her discharge and the dischargeability of a debt they contended she owed them based on a fraudulent conveyance, concealment of assets, conversion, civil theft and breach of fiduciary duty. Debtor filed an answer to the complaint through counsel, Christopher Clark ("Clark").
Approximately five months later, plaintiffs filed a motion to compel Debtor to respond to discovery requests and to make herself available for a deposition. The motion was set for hearing on June 19, 2007. Debtor neither responded to the motion nor appeared at the hearing on the motion.
As a result, the bankruptcy court granted plaintiff's motion, deemed the outstanding requests for admissions admitted, and ordered Debtor to respond to the outstanding discovery requests by July 3, 2007, "failing which, the answer will be stricken." When Debtor failed to respond to the discovery, plaintiffs moved to strike Debtor's answer to their complaint on the ground that Debtor had not complied with the court's discovery deadline. Debtor did not respond to the motion to strike, and the motion was granted on July 10, 2007. The Order Striking Defendant's Answer directed Plaintiffs to file a motion for default judgment by August 10, 2007.
Plaintiffs waited an entire month before filing that motion for default judgment on August 10, 2007. There is nothing in the record to suggest Debtor made any attempt during that month to respond to the discovery, to ask the court to reconsider the order striking her answer on the basis of her counsel's illness, to obtain substitute counsel, or to do anything else to properly defend the action.
After the motion for entry of default was filed, the bankruptcy court waited almost two weeks to enter the default judgment; it was ultimately entered on August 22, 2007. Again, Debtor did not respond to the motion for default judgment, did not seek additional time to respond on the basis of her counsel's illness, and did not obtain substitute counsel or seek an extension of time to do so. Instead, she simply ignored the proceedings.
On September 4, 2007, Debtor filed a timely motion for extension of time to appeal, asserting that Clark and Debtor had not had time to discuss the appeal, "because of the press of other business in the relatively short time that has elapsed since the [default] Order was entered." No mention was made of Clark's illness, or inability to perform as Debtor's counsel.
The extension was granted, and Debtor timely filed a notice of appeal. Following notices of deficiencies from the BAP Clerk's Office, Clark filed a motion in this Court, requesting additional time in which to designate the record on appeal and to file statements of interested parties and issues on appeal. The basis for these requests was Clark's unsworn statement that he was "much too sick at present" to prepare the necessary documents because he had "a significant bowel obstruction and a third recurrence of colon cancer." Clark also represented that he was scheduled for surgery on October 8, 2007, after which he would be hospitalized for 5-6 days, and would require six weeks recovery time. Despite this, Clark asserted that he would nevertheless be able to prepare and file the necessary documents by October 21, 2007. The requested extension was granted on October 16, 2007, and Clark timely filed the necessary documents on October 22, 2008.
On November 13, another notice of deficiency was sent to Debtor, this time for failing to timely file her appellate brief and appendix. The notice provided that the appeal would be dismissed if the deficiencies were not cured within ten days. When no response was received, this Court dismissed the appeal, for failure to prosecute, on November 30, 2007.
On December 13, 2007, however, this Court, sua sponte, stayed issuance of the mandate for 45 days, after having received information that Clark "is very ill and recently required hospitalization." On January 30, 2008, attorney Lynda Mihalik filed a motion for extension of the court's stay of the mandate, on Debtor's behalf. In this request, Ms. Mihalik represented that she had been assisting Clark with the management of his law office, that Clark would not be returning to practice for several months, and that she would assist Debtor with obtaining new counsel.
On March 13, 2008, the motion for extension of stay was granted for sixty days, and Debtor was directed to file a motion to reopen the appeal within that time. On May 12, Debtor's new counsel entered an appearance on her behalf and filed a motion to reopen the appeal on the grounds that "the dilatoriness of [Debtor's] previous counsel has prevented [her] from having the opportunity to defend this case on its merits." Counsel further represented that Debtor's former counsel "remains gravely ill," that Ms. Mihalik was not familiar with the details of Debtor's case, and that prior counsel's neglect of his responsibilities in the defense of the adversary proceeding was "possibly as a result of his illness." The motion to reopen was granted on June 3, 2008.

II. APPELLATE JURISDICTION
This Court has jurisdiction to hear timely-filed appeals from final judgments and orders of bankruptcy courts within the Tenth Circuit, unless one of the parties elects to have the district court hear the appeal.[1] Because a default judgment is a final order, the notice of appeal was timely filed. No party to this appeal has elected to have the appeal heard by the district court, and thus this Court has appellate jurisdiction.

III. ISSUE AND STANDARD OF REVIEW
The single issue before this Court is whether the bankruptcy court erred by entering a default judgment in this case. Decisions regarding the entry of default judgments are within the bankruptcy court's discretion, and are therefore reviewed only for abuse of discretion.[2] In reviewing a bankruptcy court's decision, we consider the "range of possible outcomes the facts and law at issue can fairly support," and "defer to the [bankruptcy] court's judgment so long as it falls within the realm of these rationally available choices."[3]

IV. DISCUSSION
Debtor contends that the bankruptcy court abused its discretion when it entered default judgment against her because her failure to timely respond to discovery, pursuant to the court's order, was the result of her former attorney's neglect of her case, and that his neglect was the result of illness. Unfortunately, the record before this Court contains nothing to indicate that the fact of counsel's illness ever was presented to the bankruptcy court, or that after being advised of counsel's illness, the bankruptcy court opted to enter default judgment while denying additional time for Debtor to obtain substitute counsel. On the contrary, what the bankruptcy court had before it were numerous unexplained failures by Debtor to comply with discovery requests and court orders, even after she was warned that she was in significant danger of having a default judgment entered.
Accordingly, Debtor seeks a determination by this Court that the bankruptcy court abused its discretion based on "facts" that were never presented to that court. Indeed, it cannot be determined from the appellate record even that counsel was ill during the critical time periods before the default judgment was entered.[4] All the record shows is that he was seriously ill after filing the notice of appeal, but still managed to make the required filings. The fact that the illness of counsel was not listed in Debtor's statement of issues on appeal also suggests that the illness issue was never raised in the bankruptcy court.
The general rule is "that a federal appellate court does not consider an issue not passed upon below."[5] Thus, this Court may not decide issues that were not first presented to the bankruptcy court. However, even if we were to make an exception in this case, Debtor has neither provided, nor pointed to, the factual record upon which to base a finding that the default judgment resulted from counsel's illness. Likewise, there is no record from which we could rule out either simple neglect or Debtor's failure to cooperate with her counsel as having led to entry of the default judgment.[6]
Finally, although illness of counsel could possibly be considered "excusable neglect," upon which a Rule 60(b)(1)[7] motion filed with the bankruptcy court could be based, wherein the necessary evidence of the illness and its timing could be provided by affidavit, we are not aware of any case in which an appellate court has reversed a trial court's default judgment based on a representation, first made on appeal, that counsel's illness led to the entry of the default judgment.[8] Absent any record that establishes that the entry of default judgment in this case was a direct result of counsel's illness, we will not deviate from the general rule that matters not first presented to the trial court will not be considered on appeal.
Debtor also contends on appeal that she has "plausible defenses to the allegations" against her, and that she should not be deprived of those defenses due to counsel's neglect of her case. Again, because Debtor never preserved those defenses in the bankruptcy court, we do not consider them on appeal.

V. CONCLUSION
We conclude that entry of default was not an abuse of discretion in this case, especially in light of Debtor's failures to respond to discovery and to comply with the bankruptcy court's orders. It was not an abuse of discretion to require Debtor to timely defend the adversary proceeding in accordance with the rules, or to enter default judgment when she failed to do so. The bankruptcy court's entry of default judgment is, therefore, AFFIRMED.
NOTES
[*] This unpublished opinion is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. 10th Cir. BAP L.R. 8018-6(a).
[1] 28 U.S.C. § 158(a)(1), (b)(1), and (c)(1); Fed. R. Bankr. P. 8002.
[2] Garberg Assocs., Inc. v. Pack-Tech Int'l Corp., 115 F.3d 767, 771 (10th Cir. 1997).
[3] Big Sky Network Canada, LTD., v. Sichuan Provincial Gov't, 533 F.3d 1183, 1186 (10th Cir. 2008).
[4] Cf. Magraff v. Lowes HIW, Inc., 217 Fed. Appx. 759, 761 (10th Cir. 2007) (holding that it was not excusable neglect for counsel to wait until last day to file notice of appeal, on which date he claimed to be ill, and that record did not show that counsel was ill for the entire period during which the appeal could have been filed).
[5] Singleton v. Wulff, 428 U.S. 106, 120 (1976).
[6] In this respect, it should be noted that the United States Supreme Court has specifically rejected the argument that a civil client may not be penalized for its counsel's mistake, holding that the lower court erred in not attributing to respondents the fault of their counsel because they had voluntarily chosen their attorney as their representative in the action, and they "cannot now avoid the consequences of the acts or omissions of this freely selected agent." Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993).
[7] Fed. R. Civ. P. 60(b)(1), made applicable to bankruptcy proceedings by Fed. R. Bankr. P. 9024.
[8] Both United States v. Widjaja, 2008 WL 384573 (D. Colo. 2008) and United States v. Gibson, 832 F. Supp. 324 (D. Kan. 1993), cited by Debtor, are criminal cases that cite with approval the proposition that illness of counsel can provide a basis for a claim of excusable neglect, though neither case involved such a claim and neither court found excusable neglect on the facts before it. Those cases are inapplicable here, however, because there is nothing in this record to show that the bankruptcy court was made aware that illness of counsel was the sole or main cause of Debtor's failure to comply with discovery requests, which failure precipitated the entry of default judgment.