FILED
United States Court of Appeals
Tenth Circuit

**May 20, 2008**

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

DARRYL A. CHEADLE,

      Petitioner-Appellant,

v.

WALTER DINWIDDIE, Warden,

      Respondent-Appellee.

No. 08-6045

(W.D. of Okla.)

(D.C. No. CV-07-939-C)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **LUCERO**, **TYMKOVICH**, and **HOLMES**, Circuit Judges.[**]

---

    Darryl A. Cheadle seeks a certificate of appealability (COA) to challenge

the district court's denial of habeas corpus relief to him under 28 U.S.C. § 2254.

The district court denied all three of Cheadle's constitutional claims.  Proceeding

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

*pro se*,[1] Cheadle now seeks a COA from this court to appeal each of the three grounds raised below.

We conclude Cheadle is not entitled to relief under § 2254 and therefore DENY his request for a COA.

## I. Background

Cheadle was convicted of four offenses in Oklahoma state court: two counts of robbery with a firearm, and one count each of felon in possession of a firearm and aggravated attempt to elude a police officer. The jury sentenced Cheadle to 2,000 years on each of the robbery counts, and 1,000 years on each of the other two counts, the four sentences to run consecutively. The Oklahoma court therefore imposed a cumulative sentence of 6,000 years imprisonment. After his conviction and sentencing, Cheadle appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed the convictions, but modified the sentence to life imprisonment on each count. The two robbery sentences were to run consecutively, and the two additional counts were to run concurrently with the robbery counts.

Cheadle filed an application for post-conviction relief, which was denied by the state district court. He appealed the denial to the OCCA, which affirmed. Cheadle then filed a petition for habeas corpus relief pursuant to 28 U.S.C.

---

[1] Because Cheadle proceeds *pro se*, we review his pleadings and filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

§ 2254. He asserted three grounds for relief: (1) ineffective assistance of appellate counsel,[2] (2) denial of the right to a speedy trial, and (3) denial of the right to an impartial tribunal. All three of the claims had previously been presented to the OCCA. Adopting the magistrate judge's report and recommendation, the district court concluded Cheadle was not entitled to habeas relief on any of the claims. This request for a COA followed.

## II. Discussion

To obtain a COA, Cheadle must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). This standard is satisfied by demonstrating that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Cheadle seeks a COA from this court on three grounds. First, he argues his appellate counsel provided constitutionally ineffective assistance of counsel.

---

[2] The magistrate judge determined Cheadle's ineffectiveness claim, although alluding to errors made by trial counsel, was actually an ineffective assistance of appellate counsel claim. The district court adopted this conclusion.

Second, he asserts he was denied a speedy trial in violation of the Sixth Amendment. Third, he claims he was denied his due process right to an impartial tribunal.

For substantially the same reasons as set forth in the magistrate judge's report and recommendation, which was adopted by the district court, we conclude Cheadle is not entitled to habeas relief.

*Ineffective Assistance*

Cheadle claims his appellate counsel provided ineffective assistance of counsel because appellate counsel (1) failed to argue to the OCCA that Cheadle's trial counsel was ineffective, and (2) failed to challenge the OCCA's sentence modification from 6,000 years imprisonment to life imprisonment. Neither of these arguments is persuasive.

Cheadle first argues his trial counsel was obviously ineffective. He asserts trial counsel (1) should have objected to the introduction of evidence of his prior felony convictions, and (2) should have requested a specific jury instruction regarding his eligibility for parole. On the first point, Cheadle admits that he stipulated to his prior felony convictions and the felonies were included in the Information filed against him. [*See* Aplt. Br. 4.] It is unclear what a later objection by trial counsel to the admission of that evidence could have done. On the second point, Cheadle fails to show any constitutional violation arising from his counsel's failure to request a particular instruction regarding parole.

Although the OCCA recently changed its position with regard to whether the jury can be instructed on how much time a defendant must serve before parole eligibility, that court did not base its change on anything in the United States Constitution, nor did it apply the new rule retroactively. *See Anderson v. Oklahoma*, 130 P.3d 273, 283 (Okla. Crim. App. 2006) ("A trial court's failure to instruct on [parole eligibility after serving 85% of a sentence] in cases before this decision will not be grounds for reversal."). In sum, Cheadle has not shown appellate counsel was constitutionally ineffective for failing to critique the work of trial counsel.

Cheadle next argues appellate counsel was ineffective for failing to challenge the OCCA's modification of his sentence as violating due process. Cheadle was originally sentenced to a total of 6,000 years imprisonment on four counts. On direct appeal, the OCCA modified that sentence to give Cheadle two terms of life imprisonment for his two robbery counts, to run concurrently with two terms of life imprisonment on his two other counts. As the magistrate judge noted, the OCCA's modification was both authorized under Oklahoma law and in accord with due process. *See* Okla. Stat. tit. 22, § 1066 (2006) ("The appellate court may reverse, affirm or modify the judgment or sentence appealed from, and may, if necessary or proper, order a new trial or resentencing."); *Carbray v. Champion*, 905 F.2d 314, 318 (10th Cir. 1990) ("[I]f a state appellate court has

authority to exercise its own discretion and to modify a jury sentence on appeal as a matter of state law, no due process violation occurs.").

Cheadle's appellate counsel had no grounds upon which to challenge the OCCA's sentence modification.

*Speedy Trial*

Cheadle alleges he was denied his Sixth Amendment right to a speedy trial. We agree with the district court that the balance of factors weighs against such a finding. "A Sixth Amendment speedy trial claim is assessed by balancing: (1) the length of the delay, (2) the reason for the delay, (3) whether the defendant asserted his right to a speedy trial, and (4) whether the delay prejudiced the defendant." *Jackson v. Ray*, 390 F.3d 1254, 1260 (10th Cir. 2004) (citing *Barker v. Wingo*, 407 U.S. 514, 530 (1972)).

We are troubled by the unusually long delay in this case—30 months between arrest and trial. A 12-month delay typically triggers closer review in Oklahoma. *E.g.*, *Ellis v. Oklahoma*, 76 P.3d 1131, 1136–37 (Okla. Crim. App. 2003). But Cheadle has given us no reason to disagree with the lower court's conclusion that after balancing the four factors, no Sixth Amendment problem can be found. The Oklahoma trial court concluded that although Cheadle was incarcerated for 30 months before his trial, he was not prejudiced by that delay and most of the delay was a result of Cheadle's own actions and the crowded state court docket. R., Vol I at 137–38. Moreover, the record clearly shows Cheadle

changed counsel twice before trial, and his case was quite complex. The delay leading up to trial was therefore understandable and reasonable.

Given the deference the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires us to give to the OCCA's application of law, we see no substantial showing of the denial of a constitutional right.

*Impartial Tribunal*

Finally, Cheadle argues the Oklahoma trial court was biased. We agree with the district court that Cheadle has failed to meet the high burden of proving actual bias. *See Welch v. Sirmons*, 451 F.3d 675, 699–700 (10th Cir. 2006); *see also United States v. Lowe*, 106 F.3d 1498, 1504 (10th Cir. 1997) ("To state a due process claim that a judge was biased, defendant must show either that actual bias existed, or that an appearance of bias created a conclusive presumption of actual bias."). Cheadle complains about the Oklahoma trial court's refusal to read his *pro se* motions (even though he was represented by counsel), decision to run his four counts consecutively (even though this is standard practice), and decision to not credit him for time served (even though the court has wide discretion to do so). Cheadle fails to show how any of these trial court decisions violated the Due Process Clause of the Fourteenth Amendment. The decisions were within the discretion of the trial court under Oklahoma law and do not implicate Cheadle's constitutional right to an impartial tribunal.

### III. Conclusion

For the reasons set forth above, we DENY Cheadle's request for a COA.

We GRANT his motion to proceed *in forma pauperis*.

Entered for the Court,

Timothy M. Tymkovich
Circuit Judge