FILED
United States Court of Appeals
Tenth Circuit

October 2, 2024

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

DARRYL A. CHEADLE,

    Petitioner - Appellant,

v.

WALTER DINWIDDIE, Warden,

    Respondent - Appellee.

No. 24-6019
(D.C. No. 5:07-CV-00939-F)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **HOLMES**, Chief Judge, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Petitioner Darryl A. Cheadle is an Oklahoma prisoner proceeding pro se.  He

moves for a certificate of appealability (COA) to challenge the district court's denial

of a motion to extend his time to appeal an earlier order denying relief from

judgment.  We deny a COA.

## I.   BACKGROUND & PROCEDURAL HISTORY

Cheadle is serving multiple life sentences for robbery-related convictions.  *See*

*Cheadle v. Dinwiddie*, 278 F. App'x 820, 822 (10th Cir. 2008).  In 2007, he requested

habeas corpus relief under 28 U.S.C. § 2254.  However, a magistrate judge

_____

* This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

recommended denying all relief, the district court adopted that recommendation, and we denied a COA. *Id.* at 822, 824.

In November 2023, more than fifteen years after this court's decision, Cheadle filed a motion in the district court to vacate his habeas judgment. Invoking Federal Rule of Civil Procedure 60(b), he claimed the district court had failed to rule on an argument presented in his original proceedings many years earlier.

The district court treated this as a valid Rule 60(b) motion, as opposed to a disguised second or successive § 2254 petition. *See Spitznas v. Boone*, 464 F.3d 1213, 1225 (10th Cir. 2006) ("[The] contention that the district court failed to consider one of [a petitioner's] habeas claims represents a 'true' 60(b) claim. It asserts a defect in the integrity of the federal habeas proceedings."). The district court nonetheless denied relief, explaining that Cheadle had raised the supposedly overlooked argument only in his objection to the magistrate judge's recommendation, so he had waived it. *See Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."). The court's order entered on November 20, 2023.

On January 8, 2024, the district court received a motion from Cheadle to extend his time to appeal the November 20 order. Cheadle claimed he "intended to file a Rule 59(e) [motion challenging the November 20 order], but through inadvertence, he 're-submitted' the [Rule 60(b) motion] initially sent." R. vol. I at 319.

The district court treated this motion as falling under Federal Rule of Appellate Procedure 4(a)(5)(A), which allows the court to extend a party's time to appeal if the party requests that relief within thirty days of the original appeal deadline expiring (in this case, within thirty days of December 20) and the party shows excusable neglect or good cause. The district court concluded Cheadle had failed to show excusable neglect or good cause because:

- the court had no record of receiving a resubmitted Rule 60(b) motion;

- Cheadle had not offered any evidence of resubmitting that document to the court;

- there was no evidence that Cheadle submitted the document within the time for filing a Rule 59(e) motion or the time for filing a notice of appeal;

- although pro se, Cheadle obviously understood the rules governing notices of appeal; and

- the matter had been within Cheadle's reasonable control.

The court therefore denied relief.

Cheadle then filed a notice of appeal, leading to this COA proceeding.

## II. ANALYSIS

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding." 28 U.S.C. § 2253(c)(1)(A).[1] To merit a COA, the movant "must

---

[1] Cheadle has not argued that an order denying Rule 4(a)(5) relief is something other than a "final order" for purposes of the COA requirement. *Cf. United States v. Rinaldi*, 447 F.3d 192, 195 (3d Cir. 2006) (holding, in the analogous context of a motion to reopen the time to appeal, *see* Fed. R. App. P. 4(a)(6), that a prisoner must obtain a

demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  If the district court denied relief on a procedural basis, the movant must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.*

Here, the district court denied relief on a procedural basis, namely, failure to show excusable neglect or good cause.  Cheadle claims this was error because, in his view, the district court should have investigated whether Cheadle had delivered the resubmitted motion to the prison mailing system.  He says this duty arises from *Haines v. Kerner*, 404 U.S. 519 (1972), and *Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991).  He further points to *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001), which holds that the prison mailbox rule applies when a prisoner submits a court filing to the prison mailing system but the filing never actually makes it to the court.

We presume Cheadle cites *Haines* and *Hall* for the notion that courts liberally construe pro se pleadings.  *See Haines*, 404 U.S. at 520 ("[W]e hold [pro se pleadings] to less stringent standards than formal pleadings drafted by lawyers . . . ."); *Hall*, 935 F.2d at 1110 ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").  We nonetheless see no COA-worthy issue.

---

COA to appeal the denial of such relief); *Eltayib v. United States*, 294 F.3d 397, 398–99 (2d Cir. 2002) (same).

We review a district court's denial of a Rule 4(a)(5) motion for abuse of discretion. *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004). This means we will not disturb the district court's decision unless we have "a definite and firm conviction that [it] made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Id.* (internal quotation marks omitted). Reasonable jurists applying this standard could not debate the district court's decision. The district court's duty of liberal construction did not obligate it to presume the existence of the resubmitted Rule 60(b) motion, or to make any further inquiry about what happened to it. The district court's handling of the matter was well within the bounds of permissible choice. Thus, a COA is not appropriate.

## III. CONCLUSION

We grant Cheadle's motion to proceed without prepayment of costs or fees. We deny a COA, however, and we dismiss this matter.

Entered for the Court

Jerome A. Holmes
Chief Judge

5