FILED
**United States Court of Appeals**
**Tenth Circuit**

**April 27, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

JEANETTE SNIDER; MATTHEW
SNIDER,

    Plaintiffs - Appellants,

v.

B.A.C. HOME LOANS SERVICING, LP;
CASTLE, MEINHOLD & STAWIARSKI,
LLC,

    Defendants - Appellees.

No. 15-1466
(D.C. No. 1:11-CV-00224-CMA-MJW)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.
_____

Homeowners Jeanette and Matthew Snider, proceeding pro se,[1] brought

various federal and state claims against B.A.C. Home Loans Servicing LP ("B.A.C.")

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although we liberally construe pro se filings, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam), we may not "assume the role of advocate," *Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) (quotations omitted); *see also United States v. Pinson*, 584 F.3d 972, 975 (10th Cir. 2009), and we do not

Cont'd . . .

and law firm Castle, Meinhold & Stawiarski, LLC ("Castle") in Colorado state court in connection with the foreclosure on the Sniders' home. Defendants removed the case to federal court and moved for dismissal under Federal Rule of Civil Procedure 12(b)(6). The Sniders subsequently moved for partial summary judgment. The district court granted Defendants' motions to dismiss and entered final judgment. Post-judgment, it dismissed the Sniders' motion for partial summary judgment as moot.

The Sniders appeal from (1) the dismissal of their claims and entry of final judgment and (2) the post-judgment dismissal of their motion for partial summary judgment. We dismiss the former for lack of jurisdiction. Exercising jurisdiction over the latter under 28 U.S.C. § 1291, we affirm.

## I. **BACKGROUND**

The Sniders brought this action in Colorado state court on January 11, 2011. Defendants removed to the District of Colorado 16 days later. They filed separate motions to dismiss on February 8 and June 20, 2011. On September 9, 2011, while Defendants' motions to dismiss were pending, the Sniders filed a motion for partial summary judgment.

_____
"fashion . . . arguments for [pro se litigants]," *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).

On September 26, 2011, the district court granted Defendants' motions to dismiss. It entered final judgment the next day without ruling on the Sniders' pending motion for partial summary judgment.

The Sniders filed a notice of appeal as to the dismissal order and final judgment on October 24, 2011. On October 27, 2011, we found the Sniders' notice of appeal deficient, noting the Sniders had failed to pay the filing fee or move for leave to proceed *in forma pauperis* ("*ifp*"). We directed the Sniders to correct this deficiency within 30 days. On February 8, 2012, we dismissed the Sniders' appeal for failure to correct the deficiency.

More than three and a half years later, on August 28, 2015, the Sniders moved the district court to rule on their September 9, 2011 motion for partial summary judgment. In an order dated November 3, 2015, the court noted it had inadvertently failed to address the Sniders' motion for partial summary judgment in its September 26, 2011 dismissal order. It dismissed the Sniders' motion for partial summary judgment as moot because none of the Sniders' claims had survived the dismissal order.

On December 3, 2015, the Sniders filed a notice of appeal challenging (1) the court's September 26, 2011 dismissal order and its September 27, 2011 final judgment, and (2) its November 3, 2015 dismissal of the Sniders' motion for partial summary judgment.

## II. **DISCUSSION**

We dismiss the Sniders' appeal from the September 26, 2011 dismissal order and the September 27, 2011 final judgment for lack of jurisdiction. "This court has jurisdiction only to review district court judgments from which a timely notice of appeal has been filed." *Lebahn v. Owens*, 813 F.3d 1300, 1304 (10th Cir. 2016) (citing *Bowles v. Russell*, 551 U.S. 205, 214 (2007)). The Sniders' notice of appeal, filed on December 3, 2015, was filed over four years too late. *See* Fed. R. App. P. 4(a)(1) (generally requiring an appellant to file a notice of appeal from a civil action "within 30 days after entry of the judgment or order appealed from").[2]

We do, however, have jurisdiction over the Sniders' timely appeal from the November 3, 2015 dismissal of the Sniders' motion for partial summary judgment. *See Allen v. Minnstar, Inc.*, 8 F.3d 1470, 1473-74 (10th Cir. 1993) (holding we have jurisdiction under 28 U.S.C. § 1291 to review post-judgment orders that are final and otherwise unreviewable). As the district court correctly noted, none of the Sniders' claims survived the September 26, 2011 dismissal order. The dismissal order and

---

[2] The district court's grant of the Sniders' post-judgment motion to rule on their motion for partial summary judgment did not render the appeal timely. "Generally, a ruling on a post-judgment motion is subject to independent appeal separate from the underlying judgment . . . ." *In re Lang*, 414 F.3d 1191, 1196 (10th Cir. 2005) (citing 15B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3916 (2d ed. 1992); *Bishop v. Corsentino*, 371 F.3d 1203, 1206 (10th Cir. 2004)). The appeal of a post-judgment motion "'should be restricted to the questions properly raised by the post-judgment motion [and] should not extend to revive lost opportunities to appeal the underlying judgment.'" *Id.* (quoting Wright & Miller, *supra*, § 3916).

- 4 -

entry of final judgment therefore rendered their motion for partial summary judgment moot.

## III. **CONCLUSION**

For the foregoing reasons, we dismiss the appeal from the September 26, 2011 dismissal order and the September 27, 2011 final judgment for lack of jurisdiction. We affirm the November 3, 2015 dismissal of the Sniders' motion for partial summary judgment as moot and deny their motion for *ifp* status.[3]

ENTERED FOR THE COURT,


Scott M. Matheson, Jr.
Circuit Judge

---

[3] Appellee Castle, Meinhold & Stawiarski, LLC's Motion to Dismiss is denied as untimely.